This is an appeal from a decree of the court of chancery dismissing a petition filed by the appellant for the purpose of having his marriage to respondent declared null and void.
The basis upon which the relief is asked is that at the time of the marriage (which occurred June 24th, 1928), the respondent was suffering from chronic tuberculosis, that she knew that she was afflicted with such disease and had known it for a long time prior to her marriage to appellant and that she fraudulantly concealed this fact from the appellant, knowing that if she disclosed the fact, appellant would not have married her. *Page 53 
Appellant claims he had no knowledge of it until on or about February 24th, 1929, eight months after the marriage.
The respondent admits that she was afflicted with tubeculosis before her marriage, but alleges that she had been treated for it and was advised that the disease had been arrested or cured, and that the appellant had full and complete knowledge of the situation prior to the marriage, and that she concealed nothing from him.
The solicitor of the respondent concedes that the opinion inDavis v. Davis, 90 N.J. Eq. 158 (written by himself, then vice-chancellor), is good law to-day and that tuberculosis is one of the diseases the existence of which so affects the essentials of the marriage contract that false representation with respect to its non-existence will warrant an annulment of the marriage; and that the concealment of the existence of tuberculosis by a prospective spouse, who knew of the existence of the disease, because the prospective spouse believed that the other would not marry if its existence were known, is equivalent in law to an express representation upon the part of the prospective spouse that the prospective spouse was free from it, and will warrant an annulment of the marriage.
It is not necessary to decide in this case whether or not the then learned vice-chancellor (now solicitor for the respondent) correctly enunciated the law, inasmuch as the court in the instant case found that there had been no concealment of the facts by the wife, but that the appellant husband knew before the marriage that his wife had suffered from tuberculosis.
We think that there was ample justification in the testimony for this conclusion.
It would serve no good purpose to review in detail the voluminous testimony taken. Suffice it to say that while the appellant insists that he had no information about it until several months after the marriage ceremony, he is contradicted in this by the wife, who testified that after the engagement (but prior to the announcement thereof) and prior to the marriage, she was suffering from a severe cold and requested *Page 54 
appellant to delay the public announcement of their engagement, informing him that she had had a tubercular breakdown five years before and always feared a relapse, and that she didn't want to make any official announcement of their engagement until she was sure that this was just a cold and that she was going to recover. She further testified that she then informed appellant that she had contracted tuberculosis while she was a student in a certain university, which she named, and that he replied that he loved her and that he would marry her if she had a wooden leg.
The wife's brother, a doctor, and a New York physician of repute, who had treated the wife for tuberculosis prior and subsequent to the marriage, both testified that they had informed appellant prior to the marriage of the previous tubercular condition of his wife, expressing the opinion, however, that the disease had been arrested and advising appellant as to the care required on the part of the wife in the future.
While it is true that the evidence is contradictory in a number of salient points, yet the vice-chancellor who saw and heard the witnesses, found the facts in favor of the respondent, and there is such substantial support in the evidence for the conclusion he reached that we are not disposed to disturb the same.
The decree under review will be affirmed.
For affirmance — THE CHIEF-JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.
For reversal — None. *Page 55